May Term, 1845.

Dawson v. Compton.

---

## Dawson *v.* Compton.

Where charges were filed against an attorney at law, under the statute of 1838, for failing to pay over money, &c., it was held that the only judgment that could be rendered against the defendant was that of suspending him from the practice of the law.

The latter clause of the statute, which provides that an attorney or counsellor at law who shall fail to pay over money collected, &c., shall pay 10 *per cent.*, &c., was held to apply to suits brought for the recovery of the money.

In said proceeding by filing charges, &c., it was held that the defendant might show the circumstances under which the money had been retained, in mitigation, if not in justification, of his conduct.

APPEAL from the *Allen* Circuit Court.

Sullivan, J.—At the *February* term, 1842, of the *Allen* Circuit Court, *Compton*, the defendant in error, filed charges against *Reuben J. Dawson* and *Thomas Johnson*, partners, attorneys and counsellors at law of said Court, for refusing to pay to him, after reasonable request made, moneys collected by them as such attorneys for his use. *Johnson*, one of the defendants, died pending the suit. The defendants pleaded several pleas. Three of them were pleas of payment setting up matters of set-off under the statute. One of them was a plea averring that the money collected belonged to one

Tuesday, June 10.

*Grimes*, to whom, as the plea alleged, the debt had been assigned by *Compton*. There was another plea by *Johnson* alone, which, in consequence of his death, and of the matter pleaded, need not be noticed. The 1st and 2d pleas were pleas of payment. To the 1st there was a general demurrer, which was sustained by the Court. To the 2d there was a replication denying the payment. The 3d, 4th, and 5th pleas were rejected on motion. The issue on the 2d plea was tried by the Court, and judgment rendered against the plaintiff in error for the sum of 172 dollars and 66 cents.

The judgment of the Circuit Court cannot be sustained. The proceedings are founded on the act entitled " An act supplemental to the act entitled an act regulating the admission and practice of attorneys and counsellors at law." R. S. 1838, p. 86. The provisions of the statute are, that where any attorney or counsellor at law shall collect for his employer any money, and shall neglect or refuse to pay the same over on being requested so to do by any person authorized to receive the same, it shall be lawful for such person, his agent, or attorney, to file in the clerk's office of the proper county charges against such attorney or counsellor, setting forth the facts of the case, and give notice, &c.; and the Court on hearing the allegations and proofs, if they shall be of opinion that the attorney or counsellor has collected the money, and has refused to pay the same to the person entitled to receive it within a reasonable time after request, shall suspend the attorney or counsellor from the practice of law in any of the Courts of this state, &c. The statute confers no power on the Court to pronounce any other judgment against the delinquent attorney, than to suspend him from the practice of the law. The injured client must seek redress in another form of action. This statute, because it acts upon the offender by a new and summary proceeding, and is in its character penal, should receive a strict construction. The latter clause of the act which provides that an attorney or counsellor at law, who shall fail to pay money collected by him, &c., shall pay 10 *per cent.*, &c., applies to suits brought for the recovery of the money.

We are also of opinion that the Court erred in sustaining the demurrer to the 1st plea, and in rejecting the 3d and 5th. In this *quasi* prosecution, the defendants should be permitted

to show the circumstances under which the money was with- held, in mitigation, if not in justification, of their conduct.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. H. Coombs*, for the appellant.