### REILLY *v.* CAVANAUGH and Others.

ATTORNEY.—*Motion to Suspend.—Demurrer.*—Where, in a proceeding to sus-pend one from practice as an attorney, a demurrer is filed to the entire mo-tion to suspend, and any one of the charges or specifications contains suffi-cient cause for the motion, the demurrer should be overruled.

SAME.— *Withholding Money Collected.*—One of the charges contained in a mo-tion to suspend an attorney from practice alleged, that he had in his hands money belonging to the party making the motion and another person, col-lected by him as their attorney in a certain cause tried in the same court, at a term specified, mentioning the amount so collected for each and thus withheld, which said attorney refused to pay to them on demand or in any manner account for.

*Held,* on demurrer, that this charge stated sufficient facts.

SAME.—*Encouraging Litigation.*—Another charge in said motion alleged, that the attorney was in the habit of encouraging the commencement and prose-cution of actions, for the mere purpose of promoting his own personal ends and interests, and stirring up and exciting disputes and lawsuits amongst his neighbors and the citizens of the county and neighborhood in which the party making the motion lived.

*Held,* on demurrer, that this charge was not sufficiently definite.

*Held,* also, that the charge should have specified the particular case or cases in which the attorney had thus violated his duties as such.

SAME.—*Trial by Jury.*—The attorney against whom the motion to supend is made is authorized by the statute to demand that the issues formed shall be tried by a jury.

SAME.—*Judgment.*—Under the code, upon such a motion, the attorney may be suspended, and a judgment may also be rendered against him for the amount of money so withheld by him.

APPEAL from the Warren Circuit Court.

This was a motion by Patrick Cavanaugh and John W. Gilman, against the appellant, to suspend him from practice as an attorney.

The motion contains three separate charges against the appellant as causes for suspension. The first charges him with having collected, as the attorney of said Cavanaugh and Gilman, and one John H. Toole, money due them, and collected by him in an attachment suit, in which they were plaintiffs and one John Crane was defendant, and which he refused to pay over to them on demand. .

The second charge alleges, that said "Reilly is in the habit of encouraging the commencement and prosecution of actions for the mere purposes of promoting his own personal ends and interests, and stirring up and exciting disputes and law suits amongst his neighbors and the citizens of the county and neighborhood in which the plaintiff's live."

The third alleges, that the appellant had then in his hands money belonging to said parties, collected by him as their attorney, in the case of Cavanaugh and others against John Crane, tried in said court, at the October term thereof, 1865, the following sums, to wit: belonging to said Cavanaugh, nineteen dollars and fifty cents; belonging to John W. Gilman, twenty-three dollars and forty-one cents; and belonging to John H. Toole, thirty-four dollars and forty cents; which he refused to pay to them on demand, or in any manner account for. Prayer for a judgment for the same, with ten per cent. damages, and that he be suspended from the practice in the courts of this State.

A demurrer was filed to the motion, for the reasons, 1st. That it did not state facts sufficient to constitute a cause of action. 2d. That there was a defect of parties plaintiffs,

that there should be another plaintiff. The demurrer was overruled, and the appellant excepted.

An answer was then filed, consisting of four paragraphs: 1st. A general denial.

2d. To the first and and third specifications, set-off.

3d. The "defendant says that at all times since he was admitted to the practice of law in this State, he has been, and is at the present time, a man of good moral character and a voter; wherefore, he says he ought not to be disbarred."

4th. "That the defendant is a resident of the State of Illinois, and a practicing attorney and counsellor at law of said State, in all the courts thereof, inferior and superior; wherefore, he says he cannot be disbarred."

A demurrer was sustained to the third and fourth paragraphs of the answer, to which the appellant excepted.

A reply in denial of the second paragraph of the answer was filed. The issues being joined, the appellant demanded that they be tried by a jury, which was refused, and the appellant was compelled to submit to a trial by the court; to which he also excepted.

The court found against the defendant, that he be suspended from practicing as an attorney in all the courts of this State, and in favor of the plaintiff John W. Gilman the sum of ten dollars and forty-one cents.

A motion for a new trial was made by the appellant, which was overruled, to which he excepted. Judgment on the finding.

ELLIOTT, J.—The first question presented by the appellant is, that the court erred in overruling the demurrer to the motion.

It is to be observed that the demurrer is to the entire motion, and hence if any one of the charges or specifications contains sufficient cause for the motion, the demurrer was correctly overruled. The first and third specifications are evidently based on section 779 of the code, 2 G. & H.

329.   The first may be defective in not stating the amount of money collected and withheld, but the third is not subject to that objection, and, we think, states sufficient facts to authorize the motion, and the demurrer was, therefore, properly overruled.

The second charge is predicated on the third subdivision of section 777, which authorizes a suspension of an attorney "for a wilful violation of any of the duties of an attorney as hereinbefore prescribed." One of the duties of an attorney referred to is stated in the seventh subdivision of section 771, to be "not to encourage either the commencement or continuance of an action or proceeding from any motive of passion or interest." The second charge alleges, that the appellant is in the habit of encouraging the commencement and prosecution of actions for the mere purpose of promoting his own personal ends and interests. We are not prepared to say that this charge is sufficiently definite to sustain the motion. The accused, under a charge so general, would scarcely know what particular act or acts he was called upon to answer, or how to prepare his defense. The charge should specify the particular case, or cases, in which he had thus violated the duties of an attorney, so that he could prepare to meet it on the trial.

The next error complained of is, sustaining the demurrer to the third and fourth paragraphs of the answer.

These paragraphs are so obviously bad that they would have been passed unnoticed, but for the fact that the appellant, in a brief written by himself, insists upon their sufficiency. They do not contain the shadow of a defense.

Overruling the appellant's motion for a new trial is assigned for error.

One of the causes urged for a new trial was the refusal of the court to award the appellant a trial by jury of the issues formed in the case. This, we think, was an error. Section 780 of the code provides that such accusation may be filed in any court in which the attorney practices, and, after five days' notice of the filing, the attorney shall be

bound to appear and plead to the same, or suffer judgment by default. "If he appear, pleadings may be filed and trial had as in other cases." Here the appellant appeared and answered the accusation, and issues of fact were joined thereon, and we think the statute clearly authorized the appellant to demand that they should be tried by a jury. It was held in *Ex parte Robinson*, 3 Ind. 52, which was a similar proceeding against an attorney, under the revised statutes of 1843 (c. 38, p. 660), that he was not entitled to a jury trial. The provisions of the statute of 1843 and those of our present code, on the subject, differ materially in this respect. The former clearly did not contemplate a trial by jury in such cases. Neither the former nor present constitution of the State contains any guaranty of the right of jury trial in such proceedings, and we must, therefore, look to the statute alone for the proper mode of procedure.

Under section 778 of the code, the attorney, under such a motion, may be suspended, and a judgment rendered against him for the amount of money withheld by him. It was otherwise under the statute of 1838. *Dawson* v. *Compton*, 7 Blackf. 421.

The judgment is reversed, with costs, and the cause remanded, for further proceedings, with leave to both parties to amend their pleadings.

*L. Reilly, Milford & Rhodes, Gregory & Harper, H. W. Chase, W. C. Wilson, S. A. Huff,* and *R. P. DeHart,* for appellant.

*J. McCabe,* for appellees.