## HEFFREN v. JAYNE ET AL.

ATTORNEY.—*Client.*—*Bankruptcy.*—An attorney, in transactions with his client, acts in a fiduciary capacity, and under section 33 of an Act of Congress, entitled "An act to establish a uniform system of bankruptcy," etc., approved March 2d, 1867, the collection of money by him for his client creates a debt which an adjudication of bankruptcy against him does not discharge, and in an action to recover which the plea of such adjudication is bad on demurrer.

SAME.—*Practice.*—*Construction of Statute.*—Under section 778 of the code, proceedings against an attorney who refuses to deliver money, etc., are to be had upon notice and motion to obtain an alternative order for the delivery of the money, etc., or upon failure, to show cause why he should not be punished for contempt; but said section does not contemplate such proceedings in an action of debt.

SAME.—By section 779 of the code, the court may suspend an attorney from practice, but cannot, either under that or section 778, suspend an attorney unless the motion or the prayer of the complaint is therefor, and there has been notice to the defendant.

SAME.—*Defence.*—The refusal of an attorney to pay over money on demand is not, *per se,* a breach of trust or confidence, or cause of removal or suspension from practice, and he should be permitted to show any valid excuse or defence he may have in mitigation or justification.

SAME.—*Appeal.*—*Effect of.*—*Judgment.*—From the judgment of an inferior court suspending an attorney from practice, an appeal lies to the Supreme Court, which, when taken, stays all proceedings on the judgment; and the court below has no power or authority to provide in the judgment that the appeal therefrom shall not stay said judgment of suspension.

APPEAL from the Washington Common Pleas.

BUSKIRK, C. J.—This was an action brought by the appellees to compel the appellant to pay and deliver over certain moneys by him collected as an attorney at law. The complaint was as follows:

"Eben C. Jayne and John K. Walker, partners in co-partnership, doing business under the firm name and style of Dr. D. Jayne & Son, complain of Horace Heffren, the defendant in the above entitled cause, and say that the said Horace Heffren is an attorney at law, and that he is now, and for many years past has been, practising his profession as such attorney in the courts of said county; that on or about the —— day of May, 1867, the said plaintiffs delivered to the said Heffren for collection a certain promissory note for fifty dollars on one Squire Standiford, and payable to said plaintiffs in their firm name and style of Dr. D. Jayne & Son, as aforesaid; that afterward, to wit, on the 15th day of December, 1869, the said Horace Heffren, as such attorney, did collect and receive from William Standiford, the administrator of the said Squire Standiford, the sum of forty-seven dollars on said note; that the said Heffren has failed

and refused, and still fails and refuses, although often re-quested, to deliver over to the said plaintiffs the said sum of forty-seven dollars so collected as aforesaid; and the said plaintiffs pray said court for a rule against the said defendant to pay said money over to them, and for all other proper relief."

The appellant filed an answer in two paragraphs, which were in substance the same. The substance of each paragraph was, that the appellant had been adjudged a bankrupt since he had received the money mentioned in the complaint. The court sustained a demurrer to each paragraph of the answer, and the appellant excepted, and the ruling of the court is assigned for error. ‒

We think the court committed no error in sustaining a demurrer to the answer.

Sec. 33 of an act of Congress, entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2d, 1867, provides, "that no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act," etc.

An attorney acts in a fiduciary capacity. The relation between an attorney and his client is one of great confidence, and the law imposes on an attorney the highest degree of good faith. *M'Cormick* v. *Malin*, 5 Blackf. 509.

We are of the opinion that the case under consideration comes within the last clause of the above quoted section of the bankrupt law.

The appellant then filed another answer in two paragraphs; first, the general denial; second, a set-off. The appellee replied in denial of the plea of set-off. The cause was, by the agreement of the parties, submitted to the court for trial, and resulted in a finding for the plaintiffs. The court overruled motions for a new trial and in arrest of judgment, and rendered the following judgment:

"It is therefore considered by the court that the plaintiffs, Eben C. Jayne and John K. Walker, recover of the defend-

VOL. XXXIX.—30

ant, Horace Heffren, the sum of forty dollars, so found due as aforesaid, with their costs of suit; and that they have an execution therefor without stay, valuation, or appraisement laws, and returnable in thirty days; and that said Horace Heffren be suspended from practising as an attorney at law in any of the courts of this State for the period of two years; and defendant prays an appeal from said judgment, which appeal is granted, but not to stay said judgment of suspension until determined in the Supreme Court."

The refusal of the court to grant a new trial or to arrest the judgment is assigned for error, and this constitutes the remaining question in the case.

The evidence is not in the record, and we cannot therefore determine whether the finding of the court as to the amount due from the appellant to the appellees is correct or not. We shall presume it was correct. The motion in arrest of judgment presents for review here whether the complaint was sufficient to justify and support the finding and judgment of the court, and the solution of this question depends upon the nature of this proceeding.

It is provided by section 778 of the code, that "when an attorney, on request, refuses to deliver over money or papers to a person from whom, or for whom, he has received them, in the course of his professional employment, whether in an action or not, he may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted, or if no action was prosecuted, then by the order of any court of record, to do so, within a specified time, or show cause why he should not be punished for contempt."

The above section does not contemplate an action in which a judgment is rendered for the sum that may be found to be due. It is a proceeding upon notice and motion. The purpose of the proceeding is to obtain an order requiring the attorney to deliver over the money or papers within a specified time; and upon failure to comply with such order, he is required to show cause why he should not be punished

for contempt. The order should be in the alternative; for the attorney cannot be punished for contempt until he has failed to comply with the order, and in that case he has the right to show cause why he should not be punished for contempt.

It is, however, provided by the next succeeding section, that "in cases contemplated in the last preceding section, on such motion, or in an action brought by the party aggrieved, the court may suspend the attorney from practice in any of the courts of this State, for any length of time, in its discretion; judgment may also be rendered for the amount of money withheld, deducting fees, if any are due, and costs paid by the attorney, with ten per cent. damages, which may be enforced by execution, without the benefit of stay or appraisement laws, and returnable within thirty days. The court may also render any judgment, and make any order respecting papers or property withheld, that may be necessary to enforce the right of the party aggrieved, subject to any liens the attorney may have thereon for fees."

By the section last above quoted, the party aggrieved may proceed either by notice and motion, or by a regular action, and in either case the court may render a judgment for the amount of money withheld, deducting fees and costs, which may be enforced by execution. The court may suspend the attorney from practice in any of the courts of this State, for any length of time, in its discretion.

This proceeding seems to have been based upon section 778; as there is no prayer for a judgment, but for a rule, against the defendant to pay the money over to the plaintiffs, and for other proper relief.

The court, however, seems to have proceeded under section 779; for a regular judgment was rendered, to be enforced by execution within thirty days. The force and effect of section 778 is extended and enlarged by section 779; for by that a judgment may be rendered where the proceeding is by notice and motion. We are of the opinion that the court, under the allegations of the complaint, had

the right to render the judgment it did render in reference to the payment of the money found to be due, but we are equally well satisfied that the court possessed no power or jurisdiction to suspend the appellant from practice as an attorney at law. An attorney is an officer of the court, and his right to practise his profession is secured to him by the constitution and laws of the State, and he cannot be deprived of his rights without notice and an opportunity to be heard in his defence, or to offer anything in extenuation of his conduct, or in mitigation of the severity of the penalty inflicted by law. The appellant was notified that a rule would be asked against him to deliver over the money which should be found due from him to the appellees, but there was nothing in the complaint, summons, or the subsequent pleading which in any manner informed him, or even created a suspicion, that an order suspending him from practice as an attorney would be asked or made. We concede that under section 779 there may be coupled with the proceeding to recover the money a prayer for the suspension of the attorney; but there must be the necessary allegations in the motion or complaint, and the suspension must be asked for. This was decided by this court in *Bougher* v. *Scobey,* 16 Ind. 151. The court say: "The action is brought to recover of attorneys certain notes, or their proceeds, alleged to have been placed in the hands of the defendants for collection. The complaint prays judgment for the amount alleged to be due, with damages; and asks for execution returnable in thirty days, without benefit of stay or appraisement laws, as provided for in section 779 of the code. Section 780 provides for proceedings to remove or suspend an attorney, and section 781 provides, that 'in proceedings to remove or suspend an attorney, a judgment of acquittal shall be final, and without appeal.'

"This suit we regard as having for its object the collection of the amount claimed by the plaintiffs to be due them, with the statutory penalty of ten per cent., to be collected, by execution, in the manner prescribed; and not the removal,

or suspension of the defendants as attorneys. Such suspension, or removal, is not asked for in the complaint; nor is the proceeding such as is contemplated by section 780. There is not, neither could there be, in this case, 'a judgment of acquittal,' from which no appeal lies, as contemplated by section 781."

The decision in the above case settles the proposition that the removal or suspension must be asked for in the complaint; and such decision is supported by reason and on principle. The refusal of an attorney to pay over money on demand is not, *per se*, a breach of trust or confidence, or cause of removal or suspension. There are rights and equities between client and attorney that may have to be settled by the courts. An attorney may have a valid excuse or defence for not paying over money by him collected. It was said by this court, in *Dawson* v. *Compton*, 7 Blackf. 421, which was an action against an attorney for failure to pay over money by him collected, that "in this *quasi* prosecution, the defendants should be permitted to show the circumstances under which the money was withheld, in mitigation, if not in justification, of their conduct."

We are not attempting to offer any excuse, or make any defence, for an attorney who has wrongfully and fraudulently betrayed the sacred trust reposed in his professional honor and integrity; but the commonest principles of justice require that no man shall be adjudged guilty until he has been accused and had an opportunity to be heard in his defence. The rights of attorneys are effectually secured by section 780 of the code, which provides, that "the proceedings to remove or suspend an attorney may be commenced by the direction of the court, or on motion of an individual. In the former case, the court must direct some attorney to draw up and prosecute the accusation; in the latter case, it may be drawn up by any person, and sworn to by the person making it. Such accusation may be filed in any court in which the attorney practises, and after five days' notice of the filing, the attorney shall be bound to appear and plead

to the same, or suffer judgment by default. If he appear, pleadings may be filed and trial had as in other cases."

By the above section, an accusation has to be made, and notice has to be served, and when these things have been done, and not before, the attorney has to appear and plead, or suffer judgment by default. If we were to hold that in a proceeding to recover money, or to have papers or property delivered up, the court might suspend an attorney, where such suspension is not asked for in the motion or complaint, and where the attorney has had no opportunity to make a defence, or offer anything in extenuation of his conduct, it might result in the greatest abuse and injustice.

The appellant had the right to appeal to this court, and by executing bond he had the right to have the judgment stayed, and the court below had no power or authority in granting the appeal to provide that such appeal should "not stay said judgment of suspension until determined in the Supreme Court."

The above order was in direct conflict with the plain and undoubted requirements of the statute. Section 781 of the code provides that in proceedings to remove or suspend an attorney, the accused, in case of removal or suspension, "may appeal to the Supreme Court, in the same manner as from a judgment in a civil action." 2 G. & H. 330.

It is provided by section 555 of the code, 2 G. & H. 271, that "when an appeal is taken during the term at which the judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, payable to the appellee, with condition that he will duly prosecute his appeal," etc.

It is also provided by section 563 of the code, 2 G. & H. 274, that when a supersedeas is granted and a bond is filed, execution and all other proceedings on the judgment below shall be stayed.

The order of the court was null and void, by reason of being repugnant to the statute. Where a right of appeal is given by statute upon terms and conditions prescribed, the

courts cannot take away or impair such right, or impose new conditions to the exercise thereof.

The judgment of the court below is affirmed as to the payment of the money, but is reversed, at the cost of the appellees, as to the suspension of the appellant from practising as an attorney at law; and the cause is remanded, with directions to the court below to set aside the order of suspension, and to restore the appellant to his rights and privileges as an attorney of said court.

*H. Heffren, T. L. Collins,* and *A. B. Collins,* for appellant.
*D. M. Alspaugh,* for appellees.

*H. Heffren, T. L. Collins,* and *A. B. Collins,* for appellant.
*J. F. Crowe* and *S. B. Voyles,* for appellee.