## KESTER v. WAGNER.
### (No. 773.)

NEW TRIAL,—GRANTING BY TRIAL COURT—AUTHORITY—INSUFFICIENCY OF EVIDENCE—REVIEW ON ERROR—TRESPASS—EXEMPLARY DAMAGES—JUDGMENT.

1. The rule that where the evidence is conflicting, and a motion for new trial for the insufficiency of the evidence has been denied, the appellate court will not interfere, is not applicable to trial courts in passing upon a motion for new trial.

2. The statute, which declares that a verdict shall be set aside and a new trial granted where the verdict is not sustained by sufficient evidence, imposes on the trial court the duty of determining, in the light of its superior knowledge of the law and the application of legal principles to the evidence with due regard to the finding of the jury, whether or not substantial justice warrants the verdict, and if after such consideration and in the exercise of sound discretion the trial court concludes that the evidence is insufficient, it is not only authorized, but it is its duty to set the verdict aside.

3. Unless it be made to appear to the appellate court that the trial court, in granting a new trial for insufficiency of the

evidence, abused its discretion, or that its conclusion was manifestly erroneous, its judgment will not be reversed.

4. Where exemplary damages were claimed in an action for trespass on land, and it was undisputed that the defendant went upon the land by permission of one who apparently had a right to its possession, thus negativing any inference of bad faith on the part of the defendant, a verdict including exemplary damages was properly vacated and a new trial granted by the trial court, plaintiff having refused to remit the amount of such damages, and the plaintiff thereupon refusing further to prosecute the action, it was proper to enter final judgment dismissing the same.

[Decided January 26, 1915.]                (145 Pac. 748.)

ERROR to the District Court, Sheridan County; HON. CARROLL H. PARMELEE, Judge.

The action was brought by Ernest A. Kester against William E. Wagner to recover damages for an alleged trespass, the plaintiff claiming exemplary as well as actual damages. There was a verdict for the plaintiff, including exemplary damages, and a new trial was granted on motion of the plaintiff, on the refusal of the defendant to remit the amount of the exemplary damages. Thereupon the plaintiff refused to further prosecute the action in the trial court and judgment was entered dismissing the same. The plaintiff brought error. The material facts are stated in the opinion.

*H. N. Gottlieb,* for plaintiff in error.

The procedure in the case, in connection with the granting of the new trial, presents a reviewable final order. (Kahn v. Ins. Co., 4 Wyo. 419, 34 Pac. 1059). Trespass is a possessory action, and one who has filed upon government land and is in possession may maintain the action, and the general rule of damages applies. (Beaufort L. & I. Co. v. Lumber Co., 30 L. R. A. (N. S.) 243 and note; 38 Cyc. 1129, 1134). Under the circumstances shown by the evidence the defendant is liable in trespass for the invasion of the plaintiff's premises. (Bacon v. Sheppard, 6 Halst. 197, 20 Am. Dec. 583; 28 Ency. Law, (2nd Ed.) 239; 38 Cyc. 1012-1013; Cook v. Redman, 45 Mo. App. 397).

Maud Binford's entry and the alleged permission and authority from her afforded no legal justification or excuse for the defendant's acts. When plaintiff's entry was reinstated as of the date of its cancellation, it stood as though it had never been cancelled, and anyone trespassing on the land in the meantime became responsible to him. Justification of a trespass by reason of apparent right obtained from another can only result from a showing of the following facts: 1. That the party through whom the claim is made had actually obtained possession of the premises. 2. That the defendant came in by title—by lease or deed—from such other party. 3. That the claim by title from the other party was *bona fide,* and not a fraudulent device to give color of legality. No such showing was made in this case, but on the contrary it appeared: 1. That Maud Binford was never in possession, but that the plaintiff had been in unquestionable possession from the time of his original entry. 2. That defendant did not claim by title from Maud Binford, but merely by license or permission, and invaded the premises in her alleged right. 3. That there was not a *bona fide* reliance on Maud Binford's entry, but the same was used as a fraudulent device to give color of legality.

The court has no authority to disturb a verdict which is supported by some evidence, even if the jury's findings of fact are not such as the court would have made. (23 Ency. Law, (2nd Ed.) 564). Where the evidence on material facts is conflicting, or where, the facts being undisputed, different minds might draw different conclusions from them, the question is one of fact for the jury. (23 Ency. Law, (2nd Ed.) 565, 566). Exemplary damages were properly allowed upon the evidence and the amount allowed was not excessive. (Wellman v. Dickey, (Me.) 2 Atl. 133; Kennedy v. Erdman, (Pa.) 24 Atl. 643; Simpson v. Lee, (Tex.) 34 S. W. 1053; Smith v. Thompson, (Md.) 39 Am. Rep. 409; Standard S. Mfg. Co. v. U. S., 33 Sup. Ct. (U. S.) 9).

*Burgess & Kutcher,* for defendant in error.

The new trial was properly granted because: 1. The cause of action in favor of the plaintiff was not established. 2. The evidence does not justify exemplary damages. 3. The court erred in its instructions. 4. And there was error in refusing instructions requested by defendant. Although in granting the motion for new trial the court expressly found that it was not well founded, except as to the ground relating to exemplary damages, the ruling should, we take it, be sustained if it was proper to grant the motion on any ground therein alleged. The decision of the land department of May 27, 1911, cancelling Kester's entry is conclusive upon both parties to this suit, and cannot be collaterally attacked, although erroneous. (Caldwell v. Bush, 6 Wyo. 354). By the cancellation of that entry the land reverted to the United States, and again became part of the public domain. Thereafter, Kester had no right in the land. Prior to that he was at most a licensee subject to a revocation of the license, and such license was revoked when the land department allowed the Binford entry. (Caldwell v. Bush, *supra;* Bank v. Holst, 95 N. W. 932). Wagner was not a party in the proceedings against the Binford entry, and he was not therefore bound by those proceedings. The cancellation of that entry was not the result of a proceeding brought by Kester, but the result of a voluntary relinquishment on her part. There was not, therefore, any adjudication in that matter as to Kester's rights. The entry of Maud Binford having been allowed, acts done upon the land pursuant to her authority or permission, while her entry was subsisting and intact, were lawful if such acts done by her would have been lawful. She having granted permission to Wagner to enter upon the land, and he having relied upon that authority, she could not by relinquishing her entry of the tract make the act of Wagner in going upon the land unlawful. (38 Cyc. 1002, 1050; Lewis v. Ry. Co., (Utah) 54 Pac. 981; Caldwell v. Bush, *supra;* State v. Ross, 4 Jones L. (N. C.) 315). The situation is analogous to that where acts are questioned which have

been done in reliance upon a judgment appealed from and not stayed, but finally reversed and vacated. The rule is well settled that, what is so done under the judgment is not affected by the subsequent vacation of it. (24 Cyc. 65; Parker v. Courtney, (Neb.) 44 N. W. 863; Taylor v. Boyd, 3 Ohio, 353; 15 Cyc. 197; 24 Cyc. 467; Bacon v. Sheppard, 20 Am. Dec. 583; Mark v. Hyatt, (N. Y.) 31 N. E. 1099; Porter v. Small, (Ore.) 120 Pac. 393; Bridges v. McAllister, (Ky.) 51 S. W. 603; Thompson v. Reasoner, (Ind.) 24 N. E. 323). There is nothing in the evidence to justify punitive or exemplary damages. Not a single fact in the case shows bad faith or malice on the part of the defendant against the plaintiff. He had no reason to believe that he was invading any rights of the plaintiff in entering upon the land. He told the plaintiff that he was going to move his sheep upon the land, and instructed his herder to keep them away from the hay and potatoes. (Kieman v. Heaton, (Ia.) 28 N. W. 478; Lyles v. Perrin, (Cal.) 51 Pac. 332; Hollister v. Ruddy, (N. J.) 48 Atl. 520; Gerkins v. Ky. Salt Co. (Ky.) 67 S. W. 821; Ulander v. Orman, (Tex.) 26 S. W. 1103; R. R. Co. v. Boyd, (Md.) 10 Atl. 315; Gwynn v. Citizens Tel. Co., (S. C.) 48 S. E. 460; Louisville G. S. v. Knighton, (Ky.) 104 S. W. 332; Murray v. Pannaci, 65 C. C. A. 155; Carli v. Union &c. Co., (Minn.) 20 N. W. 89; Abbott v. Land & W. Co., (Cal.) 37 Pac. 527; Jones v. Marshall, (Ia.) 10 N. W. 264; Jopling v. Bluefield, &c. Co., (W. Va.) 14 S. E. 943; Scheer v. Kriesel, (Wis.) 85 N. W. 138).

It was error for the court to instruct to find for the plain-. tiff in any event. And recovery should have been limited by an instruction to the amount sued for. (Crews v. Lockland, 67 Mo. 619; Ft. Worth &c. v. Measles, 81 Tex. 474; Wright v. Jacobs, 61 Mo. 19; Ry. Co. v. Durett, 58 S. W. 187).

BEARD, JUSTICE.

This is an action brought by the plaintiff in error against the defendant in error to recover damages for an alleged

trespass upon certain lands to which plaintiff claimed the right of possession. The damages claimed consisted of the consuming of the pasture on the land and about one ton of hay, by defendant's sheep. The value of the pasture was alleged to be one hundred dollars, and the value of the hay ten dollars. It was further alleged in the petition that in the commission of the unlawful acts complained of the defendant acted vindictively and maliciously and in wanton disregard of plaintiff's rights, and he claimed nine hundred dollars additional punitive or exemplary damages. The case was tried to the court and a jury. The court charged the jury, "that the plaintiff was entitled to the possession of the land during all of the time complained about. The defendant admits that he went upon the land with his sheep. Therefore, your verdict must be in any event for the plaintiff, and it is your duty to find the actual damage sustained by him through said acts of trespass."

On the question of punitive or exemplary damages the court charged the jury as follows: "The plaintiff further claims that the damages sustained by him were committed wilfully by the defendant and in a wanton disregard of his rights in that respect. On this account he asks for punitive or exemplary damages. For the purpose of inquiring whether he is entitled to such damages you have a right to consider the fact, which is not disputed, that the defendant took his sheep upon the land with the permission of Maud Binford, who, apparently, though not really, had a right to the possession of the land, and you have a right to consider this fact in determining whether you shall allow exemplary damages to the plaintiff; and if you should find that the defendant acted in good faith, believing that he had a right under the terms of his lease from Maud Binford to enter upon this land, you will allow no further damages against the defendant than that which is sufficient to compensate the plaintiff for the actual loss suffered by him."

The jury found for plaintiff, and assessed his damages in the sum of $550.00, and judgment was entered for that amount and costs. In due time the defendant moved the

court to set aside the verdict and judgment and grant a new trial on numerous grounds, among which was, that the verdict was not sustained by sufficient evidence. The court in its decision of the motion for a new trial found and held that none of the grounds alleged for a new trial were well founded, except the ground relating to the assessment of punitive or exemplary damages, and, as to that ground, that the evidence did not warrant or justify the assessment of such damages against the defendant. That the evidence warranted a verdict and judgment in favor of the plaintiff for one hundred and sixty dollars for the actual damages sustained by the plaintiff by reason of the trespass; that the verdict was susceptible of severance into the elements of $160 actual damages and the balance for punitive or exemplary damages. The court then entered an order, that if plaintiff would remit the excess of the judgment over one hundred and sixty dollars the motion for a new trial would be overruled, otherwise it would be sustained and a new trial granted. The plaintiff refused to enter a remittitur, whereupon the verdict and judgment were set aside and a new trial granted. The plaintiff having announced his intention to rely upon his exceptions to the finding of the court that the evidence did not warrant the assessment of punitive damages, and to the order granting a new trial on that ground, declined to further prosecute the action in that court, whereupon, the court entered final judgment dismissing the action at plaintiff's costs.

The only question properly before this court and which it is necessary to determine is, whether there was error in granting a new trial. It appears that in September, 1908, the plaintiff made a desert entry on the land, and thereafter made some improvements thereon and at the time of the trespass, June 28, 1911, had about eighteen acres in crops and some hay on the land. It further appears that his entry, through some mistake or misunderstanding of the officers of the local land office, was shown on the records of said office to have been cancelled on May 27, 1911, and was so understood by said officers. On June 11, 1911, Maud

Binford applied at said office and was permitted to, and did, make a desert filing or entry on said land, and it was by her permission that defendant went upon the land with his sheep. It further appears that he instructed his herder not to allow the sheep to go upon the crops then on the land, or to destroy the hay, but on one or more nights they did go upon the hay and ate and destroyed about a ton thereof. There was also evidence to the effect that defendant had contested a prior homestead entry of the land by one Jones, which entry was relinquished and cancelled prior to the entry made by plaintiff, and that it was upon defendant's application or protest that the entry of plaintiff was marked cancelled upon the records of the local land office. In subsequent proceedings in the land office brought by plaintiff against Maud Binford, her entry was on February 16, 1912, held for cancellation subject to the right of appeal, which was not taken, and her entry was therefore cancelled and plaintiff's entry reinstated as of the date of its cancellation.

Counsel for plaintiff in error has argued the case on the theory that if there was any competent evidence sufficient to take the case to the jury on the question of punitive or exemplary damages, the court was without authority to disturb or set aside the verdict. But we do not think that is the law. The statute provides that the verdict shall be vacated and a new trial granted by the District Court on the application of the party aggrieved for any of the causes enumerated in the section, affecting materially the substantial rights of such party. One of the causes so enumerated is, that the verdict is not sustained by sufficient evidence. (Sec. 4601, Comp. Stat. 1910). The correct rule on the question is concisely and clearly stated in the case of Dewey v. Chicago, &c., R. Co., 31 Iowa, 373, as follows: "We therefore avail ourselves of this occasion to correct what we understand to be a very general misapprehension on the part of District and Circuit Judges in respect to the rule as to new trial in the *nisi prius* courts. This court has repeatedly declared the rule for itself (and such is the rule in most appellate tribunals), that where the evidence is

conflicting and the *nisi prius* court has overruled a motion
for a new trial, grounded upon the insufficiency of the evi-
dence, that we will not interfere. · And this because, first,
the jury have found the verdict and given credit to the
witnesses on the one side of the conflict; second, the judge,
who also heard the testimony from the mouths of the wit-
nesses, and weighed the same in the balance of his more
cultured and accurate legal judgment, has, by overruling
the motion, given his approval and endorsement to the
verdict; and third, this court can never have the benefit of
observing the conduct and deportment of the witnesses
while testifying, nor even the peculiarity of their expres-
sions, but generally only the substance of their testimony,
and often in the language of the attorneys interested in the
case." (In this court we have the evidence at length as
given on the trial.) "A mention of these considerations
upon which the rule for the appellate courts is (in part)
founded, is sufficient to show that the rule ought not and
does not have any application whatever to the *nist prius*
courts. Those courts ought to independently exercise their
power, to grant new trials, and, with entire freedom from
the rule which controls appellate tribunals they ought to
grant new trials whenever their superior and more compre-
hensive judgment teaches them that the verdict of the jury
fails to administer substantial justice to the parties in the
case. Whenever it appears that the jury have, from any
cause, failed to respond truly to the real merits of the con-
troversy, they have failed to do their duty, and the verdict
ought to be set aside and a new trial granted." This rule
is supported by many decisions and clearly shows the dif-
ference in the functions of trial, and appellate courts with
respect to setting aside verdicts on the ground that they are
not sustained by sufficient evidence. (Clark v. Great North-
ern R. Co., 37 Wash. 537, 79 Pac. 1108, 2 A. & E. Ann.
Cases, 760, and notes; McMahon v. Rhode Island Co., 32
R. I. 237, 78 Atl. 1012, 25 A. & E. Ann. Cases (1912D)
1223, and notes. It is to the trial court that the application
for a new trial must be made and it is the judgment of that

court that must be invoked, at least in the first instance; and when the statute declares that a verdict shall be set aside and a new trial granted because the verdict is not sustained by sufficient evidence, it imposes on the trial court the duty of determining, in the light of its superior knowledge of the law and the application of legal principles to the evidence in each particular case and with due regard to the finding of the jury, whether or not substantial justice warrants the verdict. If after such consideration and in the exercise of sound discretion the trial court concludes that the evidence is insufficient, it is not only authorized but it is its duty to set the verdict aside; and unless it be made to appear to the appellate court that the trial court abused its discretion or that its conclusion was manifestly erroneous its judgment will not be reversed. In this case we think the court was warranted, notwithstanding the verdict to the contrary, in concluding that the evidence was insufficient to establish a wanton disregard of plaintiff's rights, or that the defendant acted vindictively or maliciously. As said by the court in its instructions to the jury, the fact was not disputed that the defendant took his sheep upon the land with the permission of Maud Binford, who, apparently, though not really, had a right to the possession of the land, thus negativing any inference of bad faith on the part of defendant. The court proposed to allow the judgment to stand for the highest amount of actual damages testified to by any witness, which offer plaintiff declined and insisted upon something more by way of punishment of defendant. The court concluded that the evidence was insufficient to warrant the recovery of punitive or exemplary damages; and with that conclusion we agree. The judgment of the District Court is affirmed.                    *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.