## STATE BOARD OF LAW EXAMINERS v. PHELAN
(No. 1710; Nov. 24, 1931; 5 Pac. (2d) 263)

482

For the complainant there was a brief by *James A. Greenwood,* Attorney General, *Richard J. Jackson,* Deputy Attorney General, and *George W. Ferguson,* Assistant Attorney General, all of Cheyenne, Wyoming, and oral argument by *Mr. Jackson.*

For the respondent there was a brief by *Walter Q. Phelan* and *Edward B. Almon,* both of Cheyenne, Wyoming, and oral argument by *Mr. Phelan.*

KIMBALL, Chief Justice.

This is a disbarment proceeding brought by the State Board of Law Examiners, as complainant, and prosecuted by the Attorney General, under Chapter 51, Session Laws of 1925. It was charged that the accused attorney, called the respondent, altered a deed by substituting his name for the name of the grantee, and thereafter refused to reconvey the deeded land to the true grantee until the latter agreed to give respondent a mortgage for $2000 on the land.

Chapter 51, supra, in prescribing the procedure in disbarment cases, provides for a hearing in the District Court, and that "if the accused attorney shall demand a jury trial of the facts, the same shall be granted." The judge of the District Court wherein the proceedings are brought "shall call in to sit with him * * * at least one other district judge and, in his discretion, one additional district judge may also be called in." When a jury trial of the facts is demanded, it "shall be discretionary with the judge of said court whether any other district judge shall be called to sit with him at the hearing." Sec. 1. When the hearing is without a jury the judges make findings "upon the evidence produced," and the findings, "together with the court's recommendations," a transcript of the evidence, and other papers in the case, are filed with the clerk of the Supreme Court. When there has been a jury trial of the facts, "the verdict, together with said court's recommendations and the other papers aforesaid" are so filed in the Supreme Court. Sec. 3. There is then a hearing before the Supreme Court "upon the record certified by the District Court under such rules of procedure as said Supreme Court may prescribe," and the Supreme Court "shall render such judgment as the facts warrant, or may remand the case to the District Court for further investigation and consideration" by the District Court or the Board of Law Examiners. The Supreme Court may order the respondent to be disbarred, or suspended, or subjected to such other discipline "as may be deemed proper upon the facts," or may order an acquittal and discharge. Sec. 4. It is further provided that the Board of Law Examiners "shall prescribe forms, rules and regulations" which, when approved by the Supreme Court, shall have the same force and effect as if made a part of the act. Sec. 5. Rules of the Supreme Court provide for the preparation, certification and filing of the record; for notice to the respondent; for the filing of objections and briefs, and that, "at the expiration of the time for filing briefs, the proceeding shall be considered

upon the record the same as cases upon appeal.'' Rules 38-41, 42 Wyo. 542. By rule of the Board of Law Examiners, approved by this court, provisions are made for demand by respondent of a jury trial of the facts, and for the selection and instruction of the jury much the same as in the trial of civil cases. It is there provided that ''the verdict shall be guilty or not guilty on each charge set forth in the complaint.'' Rule 7, 42 Wyo. 551.

The case at bar was heard in the District Court by three district judges and a jury demanded by respondent for trial of the facts. The verdict was ''not guilty.'' The judges who presided at the hearing filed recommendations as follows:

''We recommend that the verdict of the jury is opposed to the weight of the evidence. * * *.

''We further recommend that, if the verdict of a jury is only advisory, it be disregarded, and the Honorable Supreme Court make its findings on the evidence notwithstanding said verdict.

''If the Supreme Court finds respondent guilty as charged, we recommend that the license of respondent to practice law within the state of Wyoming be revoked and suspended for a period of two years.

''In case the Supreme Court regards the verdict of a jury in a disbarment matter binding to the same extent as a verdict in a civil action, then we recommend that a new trial be ordered.''

A discussion of the evidence is not required. All that need now be said about it is that complainant's evidence, sufficient to prove the charges, was contradicted in all essential particulars by the testimony of the respondent.

We shall consider first the contention by complainant that the verdict of the jury is merely advisory, and that on the record this court should not only set aside the verdict, but also find that the charges were established, and enter judgment.

The statute provides that the demand of a jury trial of the facts ''shall be granted.'' The intent, so far as it may

be gathered from this language, was to give the accused a right of trial of the facts by jury; not merely to vest authority in the judge to call a jury at his discretion. It would probably be difficult to escape this conclusion, even if less peremptory words had been used. See: Michaelson v. United States, 266 U. S. 42, 45 Sp. Ct. 18, 69 L. Ed. 162, 35 A. L. R. 451. In cases in which there is no right of trial by jury, it is not an uncommon practice to call a jury for the purpose of obtaining findings of fact. The judge, in calling a jury in such cases exercises a discretion, and the verdict may be disregarded without impairing any right of the parties. In speaking of the right of the chancellor to disregard the finding of a jury in an equity case, it is said it is only where no right of trial by jury is recognized by law that the finding of the jury may be treated as merely advisory. 3 Greenleaf on Ev., Sec. 262.

It is argued that other provisions of the statute show the legislative intention that the verdict of the jury shall be advisory. Every case comes to this court for a hearing upon the record. We enter such judgment ''as the facts warrant,'' or remand the case for further investigation and consideration. It was evidently thought that, as this court makes the order admitting to practice, it should also make the final order in the proceeding to disbar or suspend. There being no final order in the District Court, provisions for an appeal would have been anomalous. The record comes here without action by either party. It may, perhaps, properly be said that the whole of the proceedings in the District Court are advisory to this court, for it is on the record of those proceedings that we must render the judgment or remand the case. The record contains not only a transcript of the evidence, but also findings upon the evidence either by the verdict of a jury or by findings of the trial judges. If the intention had been to provide that the original hearing should be had for the mere purpose of taking the evidence for transmission to this court with advisory findings, it would have been easy to find in the laws of other states

precedents for a procedure much simpler than the one adopted by our law. And if the law provided that the evidence be taken by a referee, or a member of the Board of Law Examiners, and then transmitted to this court with findings, it might with good reason be contended that the findings were merely advisory. But see, In re Grorud, (Mont.) 275 Pac. 1098. It appears, indeed, that such a procedure was for a time considered in preparing the bill for our present law.

Before the enactment of the present law, it was thought that the statutes regulating the procedure in cases of this kind were defective. Proceedings of Wyo. St. Bar Ass'n., 1923, p. 80; Ibid, 1925, p. 72. The cited proceedings of the 1925 meeting (pp. 6-9, 73) show that at that time (January 14) the bill for the present act was being drafted by the Honorable C. N. Potter, then Chief Justice, acting in conjunction with the State Board of Law Examiners, a board appointed by this court, which was also the committee of inquiry and grievance of the State Bar Association. It appears that in preparing the bill the law of Washington (Rem. C. S., 1922, Sec. 139-16, *et seq.*) was being considered with the intention of following that law with changes necessary to make it conform to the wishes of the Wyoming state bar. The provision of the Washington law that permits the evidence to be taken before any member of the State Board of Law Examiners and then certified with findings of the board to the Supreme Court, was objected to. Trial before one or more judges of the District Court was suggested, and after some discussion as to the finality of the decision by the District Court, Judge Potter remarked that unless the board had a different view, he thought ''even if the judgment was final in the District Court it should be certified to the Supreme Court, and the order of disbarment entered there.'' The following motion and amendments were adopted:

By Mr. Harkins: "I move that it is the sense of this meeting that the trial be by the District Court, and not by the Board of Law Examiners."

By Mr. Haggard: (amendment) "* * * that upon the trial, when the district judge and associates with him reach a decision, such decision shall be final unless appealed to the Supreme Court."

By Mr. Greenfield: (amendment) "When the order becomes final it should be certified to the Supreme Court and the Supreme Court make the order of disbarment."

The proceedings show also the suggestion of the provision for jury trial which, evidently, did not meet approval of Judge Potter, who expressed his own view that "a jury would not know anything about it," but probably included the provision in the bill because he thought that it was desired by the association. The bill was introduced in the legislature on January 29, 1925, and passed without amendment, as shown by the records of the legislature. The enactment of the law was reported to the state bar at its 1926 meeting. See, Proceedings of 1926, p. 71.

It would seem unlikely that those who proposed the law to the legislature, or the legislature itself, would have thought it necessary to make provisions for a right of trial by jury or by two or three district judges, if it had been intended that the trial should result in a mere advisory finding of facts. It must have been known that this court in considering cases on appeal has always refused to substitute its judgment on the facts for the judgment of the trial judge or jury who had the information gained by observing the witnesses. If, in providing for a right of trial by jury, it had been intended that the verdict should be advisory, we should expect to find in the statute a clear expression of that intention. There is no such expression. There is no provision that the Supreme Court shall or may make findings of fact, and our rule 40, supra, says that the proceeding "shall be considered upon the record the same as cases on appeal." It is true that the judgment entered by this court must be such "as the facts warrant." That

is so, at least in theory, of every judgment. It must be kept in mind that the statute contemplates that, before the case comes to this court, the facts shall be found in the District Court with all the formalities incident to trials of civil actions. There is no reason for holding that the direction that we enter such judgment as the facts warrant was intended to qualify the respondent's right of trial of the facts by a jury.

Our conclusion is that Chapter 51, supra, means that when a jury trial is had in a proceeding prosecuted under the statute, the verdict has the same effect in settling issues of fact as a verdict in a civil action at law.

It is claimed that the statute, with this construction, is an unconstitutional interference with an inherent power of the courts, and, therefore, we should avoid such a construction by holding that the verdict is merely advisory.

It is generally held that the power of courts to disbar attorneys is inherent in the sense that it exists without grant by the legislature. Usually, statutes on the subject are merely declaratory and in aid of the court's power. It is conceded in perhaps all jurisdictions that the legislature may make reasonable regulations that will be followed by the courts in exercising the power. Submission by the courts to such regulations need not be viewed as an abdication of power, but as showing the willingness of the judiciary to recognize and follow statutory regulations that do not put an unreasonable restraint on the exercise of the power. State v. Cannon, 196 Wis. 534, 221 N. W. 603; 13 Harv. L. Rev. 233, 251; 4 Tex. L. Rev. 1. Statutes regulating the admission and disbarment of attorneys are often enacted on the request of the organized state bar, with the purpose of putting into effect a plan that has been worked out by the bar in consultation with the judges. Chapter 51, supra, as we have shown, is such a statute.

In at least nine states, besides Wyoming, there are, or have been, statutes providing for a jury to pass on questions of fact in disbarment proceedings. See: Wernimant

v. State, 101 Ark. 210, 142 S. W. 194, Ann. Cas. 1913 D, 1156; Park's Ann. Code of Ga. (1914) Sec. 4976; Reilly v. Cavanaugh, 32 Ind. 214; State v. Fourchy, 106 La. 743, 31 So. 325; Rev. St. Mo. (1856) Ch. 14, Sec. 15; North Car. Code of 1927, Sections 207, 213; Vernon's Sayles' Stat. of Tex., Art. 329; Legal Club v. Light, 137 Va. 249, 119 S. E. 55; Barnes' Code of W. Va. (1923) p. 2122. We have found no case that could be cited as authority for holding that such statutes impose an unreasonable restriction on the powers of the courts, or that the verdict in such cases should be considered merely advisory.

It is held everywhere that the common constitutional guaranties of right of trial by jury do not apply to disbarment proceedings. While there are cases holding that for certain indictable offenses an attorney cannot be disbarred until he has been proceeded against in a criminal court where he may have a jury trial (Ex parte Wall, 107 U. S. 265, 280), 2 Sp. Ct. 569, 27 L. Ed. 552, the cases, perhaps without exception, hold that there is no such right in the disbarment proceeding unless there is a statute providing for it. The power of the legislature to provide for a procedure that includes a jury trial seems never to have been questioned except by *dicta*.

We do not think the right of jury trial under the act in question should be limited by the suggested construction. We may concede that the legislature cannot pass a valid law that must be followed in every case, and would prohibit the disbarment of attorneys except on the verdict of a jury. We need not hold that the procedure prescribed by the law of 1925 is exclusive. It is, however, the only procedure provided either by statute or rule of court. We are not convinced that the provision for a jury trial of the facts is an unreasonable regulation, as applied to the present case. A doubt as to the legislative power may be settled by holding that in view of what we have shown as to the origin of the statute, we should defer to it as prescribing a statutory procedure approved by the court and by the

members of the bar who are officers of the court. The law was proposed to the legislature after the bill had been framed under the direction of the complainant, with the thought that it was necessary, or at least desirable. Rules of both the complainant and the court, consistent with the act, have been adopted. We think, in the circumstances, the right of trial by jury as provided for, should be recognized and enforced in this proceeding under the act.

We shall approve the recommendation of the trial judges that a new trial be granted. In objecting to this recommendation, respondent seems to contend that a new trial cannot be ordered unless we find that there is no substantial evidence to support the verdict. The rule that he contends for is the one followed by this court in the consideration of verdicts that have been approved by the trial judge in refusing to grant a new trial. The reasons why it has no application to trial judges were stated in Kester v. Wagner, 22 Wyo. 512, 145 Pac. 748. A trial judge, in the exercise of a sound discretion, may grant a new trial when his judgment teaches him that the verdict fails to administer substantial justice between the parties.

The right of respondent to a jury trial of the facts is no greater than the similar right in a civil action at common law or under the American constitutions. Such a trial includes the presence and superintendence of a judge empowered, among other things, to grant a new trial if in his opinion the verdict is against the law or the evidence. Capital Traction Co. v. Hof, 174 U. S. 1, 13-14, 19 Sp. Ct. 580, 43 L. Ed. 873.

The complainant does not contend that the finding of the verdict of the jury is not supported by substantial evidence. The trial judges' recommendations, and the evidence itself as exhibited here by the transcript, show that the issue of fact was submitted on conflicting evidence. If the verdict had been approved by the trial judges we should probably have felt no hesitancy in entering judgment in accordance with the finding of the jury who had the oppor-

tunity of observing witnesses and judging of their credibility. But the trial judges, who also had that opportunity, believe the verdict is not sustained by sufficient evidence. We think the record shows that if this had been a civil action, the presiding judges would have granted a new trial under the rules announced in Kester v. Wagner, supra, and we could not have held that their action in doing so was an abuse of discretion. Elliott v. Sloan, 38 Wyo. 276, 266 Pac. 1059.

We shall order the case remanded to the District Court for a new trial or rehearing.

The following suggestions may be of some value. We think the provision of rule 7, supra, (42 Wyo. 551) of the Board of Law Examiners, that the "verdict shall be guilty or not guilty on each charge set forth in the complaint," was inserted for the purpose of having a verdict on each charge in the complaint, and was not intended to limit the form of the verdict. The presiding judge or judges may require, instead of a general verdict, specific findings of the material facts in issue on conflicting evidence. The jury may thereby be enabled the better to understand that the proceeding is not a criminal prosecution, and that they are to decide questions of fact only.

Remanded for a new trial.

BLUME and RINER, JJ., concur.