JACOB HYDINGER, Appellee, v. THE CHICAGO, BURLINGTON AND QUINCY RAILWAY CO., Appellant.

**New trial.** Where a motion for a new trial is based upon several grounds and is sustained generally, the appellant must not only show an abuse of discretion but that none of the grounds were good, to obtain a reversal.

**Misconduct of juror.** Proof that jurymen, while deliberating upon the case, stated their personal knowledge of facts relevant to the issues, and that outsiders discussed the case in the presence of members of the jury in such a manner as to create prejudice, will authorize a new trial.

**New trial: INSTRUCTIONS.** An instruction on the theory that an issue is in the case which is not in fact tendered by the pleadings, is ground for a new trial.

*Appeal from Fremont District Court.*— HON. A. B. THORNELL, Judge.

SATURDAY, DECEMBER 17, 1904.

THIS is an appeal from an order sustaining plaintiff's motion for a new trial in an action wherein he sought to recover damages from defendant for flooding his (plaintiff's) land. The case was tried to a jury, resulting in a verdict for the defendant. From the order sustaining the motion for a new trial, defendant appeals.— *Affirmed.*

*H. J. Nelson, George E. Draper,* and *T. S. Stevens,* for appellant.

*W. E. Mitchell* and *R. C. Campbell,* for appellee.

DEEMER, C. J.— Plaintiff claims that the defendant obstructed the flow of the Nishnabotna river in such a way as to overflow his land, which is agricultural in character, destroying his crops growing thereon, and otherwise injuring him. Defendant pleaded that the flooding of plaintiff's land was due to an unprecedented flood, which it could not have anticipated or guarded against. It also pleaded a prescriptive right to use its roadbed and the bridge maintained over the stream in the manner in which it used and constructed them. Further, it alleged that the structures built by it were permanent in character, erected more than thirty years ago, and that plaintiff's action, if any he has, is barred by the statute of limitations. It also pleaded authority from the State of Missouri, in which State the bridge and structure of which plaintiff complains are located, to construct and maintain the same in the manner it did. The statute of limitations of the State of Missouri was also pleaded as a complete defense to plaintiff's action. On these issues, as well as a general denial filed by defendant, the case was tried, resulting in a verdict for the defendant.

Plaintiff filed a motion for a new trial, which was bottomed on at least twelve grounds. This motion was sustained, but the order granting it was general in character, so that we have no means for knowing upon what specific ground or grounds the ruling was made.

1. NEW TRIAL.

In such cases an appellant must show, in order to obtain a reversal, that none of the grounds were good. Moreover, he must also make it appear that the trial court abused its discretion in setting aside the verdict of the jury and granting a new trial. Naturally, we are much more reluctant to interfere when the trial court grants a new trial than where it

denies it, for the obvious reason that the order is followed by a retrial in the one case, and not in the other. Again, the trial court is in a much better position than we are to ascertain the real facts, both direct and incidental to the main action, and has a much larger discretion with jury verdicts than an appellate tribunal. It may set aside a verdict as contrary to the evidence, if it is so advised, whereas we, as a rule, do not interfere if there be a substantial conflict therein. The finding of the trial court, who heard the testimony and saw the witnesses, is thrown into the scale, and made to do duty in support of the ruling.

The principal points now relied upon in support of the court's ruling are: (1) that there was error in instructing the jury as to an issue not tendered by the pleadings; (2)

**2. MISCONDUCT OF JUROR.** that, if such issue had been tendered, the court erred in its instructions as to the law; (3) that the jury was guilty of misconduct, in that some of their number stated in the jury room facts of their own knowledge with reference to the issues in the case; and (4) that plaintiff did not have a fair and impartial trial. As to the alleged misconduct of jurors, testimony was taken by the trial court, which, if believed by the judge — as it evidently was, or might have been — was sufficient in itself to justify the setting aside of the verdict. Not only did some of the jurors give their personal knowledge in the jury room, but outsiders talked and argued the case in the presence of the jurors, or some of them, in such a manner as to prejudice plaintiff's case.

The damage, if done by the defendant, was due to some piles left in the river by it, and to the throwing of stone into the bed of the stream about the piers of the railway bridge

**3. NEW TRIAL: instructions.** crossing the stream. From the statement of the issues tendered by the defendant it will be observed that no claim was made by it that these piling or the throwing of the stone into the river were necessary for the protection of the bridge piers; nevertheless the court in-

structed on the theory that this issue was in the case.  In so doing there was error, which would justify the sustaining of the motion.  On either or both of the grounds above suggested, the trial court might very well have sustained the motion.  As the case is to be retried, we refrain from expressing an opinion as to the other matters argued.

The order sustaining the motion for a new trial is *affirmed.*