ELLIOTT v. SLOAN, ET AL.
(No. 1401; May 8, 1928; 266 Pac. 1059)

Before BLUME, Chief Justice, KIMBALL, Justice and BROWN, District Judge.

*Kinkead, Ellery & Henderson,* for appellants.

*O. O. Natwick* and *W. B. Jones,* for respondent.

Brown, District Judge.

This case is here on direct appeal. The appellants, who were defendants in the District Court, appeal from the order of the lower court setting aside a judgment in favor of defendants, and granting a new trial to plaintiff.

The six defendants were members of the Board of Directors of Platte County State Bank, a banking corporation, which became insolvent and is now in the hands of the plaintiff as receiver. In March, 1922, the bank had compromised a note of one Mulkey amounting to $9100, for the sum of $5000, thereby sustaining a loss of $4100. The defendants met in special board meeting April 1, 1922, to

decide upon some method of disposing of the $4100 loss on this item. After some discussion it was decided to take care of the loss by a 25% assessment on the capital stock of the bank, rather than charge the loss to the surplus account. Until a stockholders' meeting could be held and the assessment properly voted, an instrument in the form of a promissory note for $5000 was given by W. E. Sloan to the bank. On the back of this note was endorsed: "We the undersigned, are liable for 25% assessment on our respective stock owned in the Platte County State Bank to said note." This endorsement was signed by each of the defendants except W. E. Sloan, whose name was signed on the face of the note. No other steps looking to the voting of an assessment seem to have been taken. The above obligation was delivered to the bank, and found among its assets by the plaintiff on taking charge of that institution as its receiver. He brought suit against the defendants on the obligation for the respective amounts of 25% of the stock owned by each. Trial was had and judgment rendered in favor of defendants. The plaintiff gave notice of appeal and had the record on appeal prepared and filed together with specifications of error. After reviewing the record and considering the specifications of error, the court set aside his former judgment and granted the plaintiff a new trial under Section 6410, Comp. Stat. 1920.

This appeal was taken from the latter order. The order granting a new trial was general, the portion material here reading as follows:

"Whereas, I have reviewed the record on appeal and have considered the specifications of error, and determined that the party appealing is entitled to a new trial of the issues of said case."

Section 6410, so far as material here, provides:

"The clerk of the District Court shall, within five days after the specifications of error are filed in his office, notify the Judge of the District Court before whom the action was

tried, in writing, that the record on appeal in the cause is perfected and on file in his office, and it shall thereupon become the duty of such judge, within fifteen days after receiving such notice, to review the record on appeal and consider the specifications of error, and if such judge shall determine that the party appealing is entitled to a new trial of the issue, he shall make and enter an order in the cause granting the party a new trial, in which event the record shall remain with the clerk of the District Court for trial in said court, unless respondent shall appeal to the Supreme Court from the order of the District Court granting the appellant a new trial, in which event the record on appeal, as perfected, shall constitute the record on appeal in the cause.''

It will be observed that this section makes it the duty of the trial judge, on a review of the record on appeal, and consideration of the specifications of error, to grant the appellant a new trial whenever in his opinion, appellant is entitled thereto. Since the court did not set out the specific reasons why he granted a new trial, if the record shows any reason why the plaintiff did not have a fair trial, or any circumstances that would warrant another conclusion than the original judgment, or any error of law, the order should not be disturbed in this court. The question involved here was before this court in Allen v. Lewis, 26 Wyo. 85, 177 Pac. 433. In the opinion in that case, written by Judge Potter, it is said:

''But whatever the information or supposition of counsel as to the ground inducing the District Court to grant a new trial, since the record discloses nothing in that respect, except upon a consideration of the specifications of error and the arguments of counsel and a review of the record, the court found that the plaintiff was entitled to a new trial, no ground can properly be excluded from our consideration that might be found sufficient to justify the order, if, indeed the exclusion of any such ground would be proper under other circumstances.''

282

And again in the opinion it is said:

"To justify a reversal, at least in the absence of a showing by the record of the specific reasons upon which the trial court acted, we should be able to say that there was nothing in the specifications of error which, upon their consideration and a review of the record would entitle the plaintiff to a new trial."

Trial courts have always been clothed with a large discretion in the matter of granting a new trial, and their action will not be disturbed in the appellate court unless that court can clearly and conclusively say that there was an abuse of that discretion. It will take a stronger case to warrant a reversal where a new trial has been granted than where it is denied. Sedan v. Church, 29 Kan. 190; Linderman v. Nolan, 16 Okla. 352, 83 Pac. 796; Kansas City Southern Ry. Co. v. Fields & Slaughter Co., 73 Kan. 375, 85 Pac. 412; Hydinger v. C. B. & Q. Ry. Co., 126 Ia. 222, 101 N. W. 746. It is only in rare instances and upon very strong grounds, or unless it appears that the court acted arbitrarily or committed some error of law in granting a new trial, that the order will be reversed. Quinn v. Kenyon, 22 Cal. 82; Schramm v. Southern Pacific Company, 87 Cal. 425, 25 Pac. 481; Sanders v. Wakefield, 41 Kan. 11, 20 Pac. 518.

"It is to the trial court that the application for a new trial must be made and it is the judgment of that court that must be invoked, at least in the first instance, and when the statute declares that the verdict shall be set aside and a new trial granted, because the verdict is not sustained by sufficient evidence, it imposes upon the trial court the duty of determining in the light of its superior knowledge of the law and the application of legal principles to the evidence in each particular case, and with due regard to the finding of the jury, whether or not substantial justice warrants the verdict. If after such consideration and in the exercise of sound discretion the trial court concludes that the evidence is insufficient, it is not only authorized but it is its duty to set the verdict aside; and unless it be made to appear to the appellate court that the trial court abused its

discretion or that its conclusion was manifestly erroneous, its judgment will not be reversed." Kester v. Wagner, 22 Wyo. 512, 145 Pac. 748.

Where, as in this case, the order granting a new trial is general, it would be necessary for the appellate court after an examination of the whole record to say that no other conclusion could be reached thereon than the one reached by the trial court in rendering his original judgment, before the order granting a trial should be disturbed.

The evidence introduced discloses the following: The Platte County State Bank had sustained a loss of some $4100 on an item carried by it, and it became necessary for it to devise some means to take care of the loss. At a meeting at which all of the members of the board of Directors were present, except one, it was decided to make an assessment to cover the loss rather than charge the loss to the surplus account. Until such assessment could be made, the directors present executed the instrument sued upon. No assessment was ever made. Plaintiff contends that the directors signing are liable for the amount designated by each. The defendants take the position that it never was intended by them that there should be any liability thereon. That the note was intended only as a memorandum of the transaction, or a method of carrying the loss account until an assessment was made. Because of the fact that there must be a new trial, we think we ought not determine the question of liability or non liability of the defendants at this time. We have examined the record for the purpose of determining whether they might be liable in any event. The execution and the manual delivery of the instrument are not disputed, and there is ample evidence in the record, if the court believed it credible, to warrant the conclusion that the instrument was given as a voluntary assessment on the part of the directors signing it. The law seems to be settled that there is a consideration where officers of a corporation give a note or other written obligation to make up losses or to take the place of assets charged off.

In Broderick v. Brown, 69 Fed. 497, the court said:

"The law is well settled that where stockholders voluntarily assess themselves to relieve the corporation from pecuniary embarrassment or for the betterment of their stock, whatever may be the occasion for the assessment, the advances thus made are not debts against, but assets of the corporation."

In the case of Union Bank of Brooklyn v. Sullivan, 214 N. Y. 332, 108 N. E. 558, the facts were much like the facts in the case at bar. The court reviewed many cases in the opinion, holding that where the directors or officers of a corporation gave a note to the corporation to cover a loss or deficit, such note was supported by a consideration. 8 C. J. 2141. Reed v. First National Bank of Pueblo, 23 Colo. 380, 48 Pac. 507; Utah National Bank v. Nelson, 38 Utah 169, 111 Pac. 907.

The order of the lower court granting a new trial must be affirmed.

BLUME, Ch. J., and KIMBALL, J., concur.