Jeremiah OPIE, also known as Jerry Opie,
Appellant (Petitioner below),

v.

STATE of Wyoming, Appellee
(Respondent below).

No. 3516.

Supreme Court of Wyoming.

Jan. 9, 1967.

C. L. Bates, Rawlins, for appellant.

Dean W. Borthwick, Deputy Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Jeremiah Opie was convicted in the District Court of Sweetwater County of first degree murder for the killing of his wife. The jury fixed the penalty at life imprisonment. This court affirmed the judgment and sentence which resulted from the jury's verdict in Opie v. State, Wyo., 389 P.2d 684.

More than a year after affirmance defendant filed a petition in the District Court of Sweetwater County for a new trial, alleging newly discovered evidence which could not with reasonable diligence have been discovered and produced at his trial. The matter was heard by District Judge C. Stuart Brown, who denied the motion. Defendant-petitioner has appealed.

Counsel for petitioner seems to recognize that it is within the sound discretion of the trial court to grant or refuse a motion for new trial based on the discovery of new evidence; and that the action of such court cannot be challenged except for an abuse of discretion. See People v. Jefferson, 47 Cal.2d 438, 303 P.2d 1024, 1029, certiorari denied 352 U.S. 1029, 77 S.Ct. 597, 1 L.Ed.2d 600; and State v. Bentine, 66 Wyo. 222, 208 P.2d 291, 296. Our question, then, is not whether the district court would have been justified in granting a new trial, but whether it was erroneous for it not to grant a new trial.

Also, appellant's counsel makes it clear he is cognizant of the general rule that it is incumbent on a party who asks for a new trial on the grounds of newly discovered evidence to satisfy the court: (1) That the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that it did not come sooner; (3) that it is so material that it would probably produce a different verdict, if the new trial were granted; and (4) that it is not cumulative, viz., speaking to facts in relation to which there was evidence at the trial. United States v. Johnson, 7 Cir., 142 F.2d 588, 592, certiorari dismissed 323 U.S. 806, 65 S.Ct. 264, 89 L.Ed. 643.[1] See also People v. Beard, 46 Cal.2d 278, 294 P.2d 29, 31.

It is significant to note that petitioner's attorney claims to have made an extensive investigation of facts upon which the motion for new trial is predicated. He recites the purpose of the investigation was to review the transcript of the coroner's inquest and the transcript of the actual trial with the intent to "evaluate" same. One of the principal findings claimed from this investigation was that the physical evidence introduced at the trial was not "properly evaluated" at the trial.

Such approach in defendant's effort for a new trial suggests the motion is not based on newly discovered evidence in the sense of something observed, as distinguished from inferences and opinions formed as a result of what witnesses observed. It is stated in 32 C.J.S. Evidence § 546(1), p. 111, where a person testifies to what he observes, hears, or smells, it is a statement of fact and not a conclusion.

1. Certiorari was dismissed in this case to permit a second motion for new trial based on the discovery of more new evidence; the second motion was denied by the district court; the denial was reversed by the circuit court, 149 F.2d 31; the action of the circuit court was reversed and the cause remanded to the district court to enforce the judgment denying new trial, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562.

Petitioner purports to have newly discovered opinion evidence but not newly discovered fact evidence. Hence, we are presented with the question as to whether a convicted felon can take the old facts as testified to at his trial by witnesses who saw, heard, or smelled and obtain a new trial by showing that he can now produce expert opinions contradicting expert opinions testified to at his trial, with respect to those inferences and conclusions which can reasonably be drawn from the facts testified to.

Appellant fails to cite authority for the affirmative of this proposition. On the other hand, there is respectable authority for the rule that a new trial will not be granted for newly discovered evidence, when the alleged newly discovered evidence is merely cumulative or when it is merely impeaching or contradictory of the former evidence. State v. Gordon, 208 Or. 455, 302 P.2d 214, 218; State v. Luttrell, 28 N.M. 393, 212 P. 739, 741; Phillips v. State, Okl.Crim., 267 P.2d 167, 174; State v. Wilson, 38 Wash.2d 593, 231 P.2d 288, 303, certiorari denied 342 U.S. 855, 72 S.Ct. 81, 96 L.Ed. 644, certiorari denied 343 U.S. 950, 72 S.Ct. 1044, 96 L.Ed. 1352.

We are inclined to believe, if appellant's theory were sanctioned, it would open the doors to endless requests for new trials in all kinds of cases. Nevertheless, we will not at this time say it is impossible to have circumstances where a court might see fit to grant a new trial because of newly discovered expert opinions on previously known facts. Instead, we will rest our decision on the proposition that the trial court in this instance was amply justified in refusing defendant's request, and its ruling was not erroneous for abuse of discretion.

On the basis of evidence adduced at the hearing on defendant's petition for new trial, counsel for defendant contends he has new evidence which:

1. Will dispute expert testimony offered at the trial, to the effect that the gun which killed defendant's wife was fired from a distance of 18 inches to three and one-half feet, and show instead that this distance was from one-half inch to one and one-half inches; and

2. Will dispute expert testimony offered at the trial, that the gun was not unsafe and had a normal trigger pull, and show instead that the gun was an unsafe weapon with a trigger pull of approximately two and one-half pounds.

*Gun's Distance From Victim*

At his trial, the defendant claimed his wife had possession of defendant's gun and was about to commit suicide; that he attempted to take the gun from her; and that it was discharged as they struggled over it, while deceased still had hold of it. Testimony and pictures offered at the trial tended to show the wound was clean with no evidence of powder burns around the edges and no evidence of deep powder burns. Experts at the trial claimed such would have been present if the muzzle of the gun had been within 18 inches of decedent's face. There was testimony that the face did have black peppery marks of unburned powder on it—apparently over an extensive area—which indicated, according to ballistic experts testifying at the trial, the muzzle was within a distance of approximately three and one-half feet.

It is contended on behalf of appellant that since his trial and appeal, ballistic experts have been found who will testify and demonstrate from experiments that, based on the pictures and testimony introduced at defendant's trial, it is their opinion the muzzle of the gun could not have been less than one-half inch or more than one and one-half inches from decedent's face when the weapon was discharged.

We set forth in our former opinion, at 389 P.2d 686, that witnesses testified to the condition of Mrs. Opie's face, saying there was an absence of powder burns or smoke which would be expected to be present if the muzzle had been within real close proximity to the face (like less than 18 inches). However, as above noted there

was testimony that her face did have small particles of unburned powder on it.

Defendant's present attorney did not participate in the original trial of Opie. He may be construing the original evidence differently than it was originally understood, but there was evidence before the jury from which it was entitled to determine that the muzzle of the gun was away from the face more like a distance of 18 inches to three and one-half feet than like a distance of one-half inch to one and one-half inches.

■ This brings us to the conclusion that the trial judge was justified in denying the motion for new trial on the ground of newly discovered evidence pertaining to the distance of the gun from decedent's face. An application for new trial must be denied when it does not appear the alleged newly discovered evidence would probably produce a different verdict. State v. Spears, 76 Wyo. 82, 300 P.2d 551, 565; Paseo v. State, 19 Wyo. 344, 117 P. 862, 863, See also Tobler v. State, 87 Okl. Cr. 25, 194 P.2d 202, 205; State v. Davis, 192 Or. 575, 235 P.2d 761, 762–763; and State v. Collett, 118 Mont. 473, 167 P.2d 584, 588.

### Trigger Pull

Opie testified at his trial that he had filed the trigger release on his gun so that it had a sort of "hair trigger," in other words a tendency to be discharged with a very light trigger pull. An F.B.I. agent, however, testified the gun was not an unsafe weapon and had a normal trigger pull. In connection with his motion for new trial, Opie alleges newly discovered evidence in the form of new opinion evidence by gun experts who would testify the gun is an unsafe weapon with a light trigger pull of only two and one-half pounds.

■ Here again, the alleged newly discovered evidence is evidence which contradicts evidence produced at the trial. It speaks to a matter in relation to which there was evidence at the trial, and for this reason the judge who heard petitioner's motion would have been justified in denying the motion. United States v. Johnson, 7 Cir., 142 F.2d 588, 592, certiorari dismissed 323 U.S. 806, 65 S.Ct. 264, 89 L.Ed. 643.

Aside from that reason, however, the judge may have considered that the gun itself was in evidence at Opie's trial. Members of the jury must have had an opportunity to examine the gun and see for themselves whether the trigger pull was relatively normal or unusually light. The members of our court made such an examination when Opie's conviction was before us on appeal, and we were unable to say the pull was not relatively normal.

In Pan American Petroleum Corporation v. Like, Wyo., 381 P.2d 70, 73, we said expert testimony is not necessary where the matter involved is within the common knowledge and experience of the jurors. Although the opinions of experts may have been helpful to the jury in deciding, if it needed to so decide, whether the gun had a lighter than usual trigger pull, that was not the ultimate issue to be decided in this instance. The question was not whether the gun could have been accidentally discharged, but whether it actually was accidentally discharged. On that issue the defendant had a complete and full hearing. Anything he might add now would be purely cumulative or contradictory and hence not such newly discovered evidence as would warrant a new trial.

■ Under these circumstances, the judge who heard petitioner's motion was entitled to believe the alleged newly discovered evidence relative to trigger pull would not be likely to produce a different verdict. He was therefore, justified in denying this ground for a new trial.

### Other Claims

In addition to the two principal contentions of appellant which we have discussed, his attorney mentions several other matters, apparently suggesting there was insufficient evidence for the verdict of the jury and our affirmance thereof. For example, he argues the decedent could have had pos-

session of the gun and there could have been a struggle for it, because Opie's middle finger, palm and thumb of the right hand were burned from the gun; that splattered blood spots on Opie's clothing prove he was in close proximity to the deceased at the time the fatal wound was incurred; and that the path which the bullet followed through decedent's head would indicate the gun was discharged from the position claimed by defendant and not the position claimed by the prosecution.

Concerning the trajectory of the bullet, witnesses at the trial indicated decedent may have been reclining in an over-stuffed chair and not sitting upright. Also, medical testimony indicated the bullet seemed to go straight in and then was deflected upward. This would make appellant's present hypothesis erroneous. In any event, this claim and other claims referred to in the preceding paragraph are based primarily on defendant's own testimony rather than the testimony of prosecution witnesses. Such claims overlook the fact that this is not a second appeal of defendant's conviction.

Whatever the facts may have been regarding a burned hand, blood splattered clothing, and the trajectory of the bullet, they were fully known at the time of trial. All of these matters were either testified to by defendant at his trial, or they could have been testified to. There is and can be no claim of newly discovered evidence in connection with any of such matters.

It should perhaps be noted that this court has elected to dispose of the instant case on the merits rather than on the question of whether defendant is entitled to be heard at all. By doing so, we do not mean to imply a decision one way or the other on the right of defendant to be heard in an instance where there has been a delay in filing a motion for new trial.

Since it does not appear that the district judge abused his discretion in denying defendant's motion for a new trial, his ruling is approved.

Affirmed.