**Stanley M. VIALPANDO, Appellant**
(Defendant below),

v.

**STATE of Wyoming, Appellee**
(Plaintiff below).

No. 4002.

Supreme Court of Wyoming.

March 14, 1972.

Bert T. Ahlstrom, Jr., Laramie, for appellant.

Clarence A. Brimmer, Atty. Gen., and Juan de Herrera, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

The appellant, together with two co-defendants, was found guilty of arson before the district court, sitting without a jury. All three defendants were tried jointly upon the same charge, and all were represented by Mr. Walter Scott of Laramie as retained counsel. On appeal appellant was represented by Bert T. Ahlstrom, Jr., of the Wyoming Legal Services Office in Laramie, and proceeded in forma pauperis.

At about 3:15 the morning of December 9, 1970, three adjacent buildings on First Street in Laramie, Wyoming, were partially damaged by fires which were caused by fire bombs constructed of partially filled bottles of gasoline with a rag stuffed in the neck serving as a wick. These were referred to as "Molotov Cocktails." At two different times on the morning of the fire—at about 2 a.m. and 2:20 a.m.—appellant and the two co-defendants were in the vicinity of the burned buildings. One of the three buildings was the Townsend Club, also referred to as Everybody's. Apparently the Townsend Club customarily remains open rather late. On the first trip to the Club one of the defendants, not the appellant, got out of a car to determine if the Club was open and found it was not. The passengers in the two cars that went there thought the Club had not yet opened but that it might be opened later. They drove around for about 20 minutes and then drove back to the Club and, without anyone emerging from either car, they determined the Club was not open. The occupants of the two cars then went to their respective homes. Shortly thereafter the appellant and the two co-defendants met and drove in the car of a co-defendant to a filling station. One of the co-defendants purchased 25 cents worth of gasoline and put it in a can which was then placed in the automobile. Appellant did not participate in the purchase of the gasoline although he was with the other defendants at the time. He had gone into the station and purchased some nuts. Appellant stated to the police the gasoline was used in an attempt to start his car by pouring it directly into the carburator. He further stated that one of the other defendants actually poured the gas into the carburator while he was in the car attempting to start it. Subsequent investigation by the police seemed clearly to establish that the air cleaner had not recently been removed from the carburator, and the cleaner would have to be removed to pour gas into the carburator. He also stated to police that the purchase of the gas and the attempt to start his car occurred at about midnight, whereas the uncontradicted testimony at the trial showed the gasoline was purchased at about 3 a.m.

On April 7, 1971, and at the close of all the evidence, the trial court found the three defendants guilty of first degree arson as charged.

The court, upon agreement of the defendants and pursuant to Rule 33 of the Wyoming Rules of Criminal Procedure, ordered a presentence investigation. All three defendants filed within ten days a joint motion for new trial on April 19, 1971. On May 3, 1971, defendants were brought before the court for sentencing. They were accompanied by their counsel who had represented all three of them during the trial. On that same day judgment and sentence was entered finding the appellant guilty of "Arson in the Second Degree," for which he was sentenced to the State penitentiary for a period of not less than 12 months and not more than 12 months and one day. Whereupon, on May 27, 1971, appellant filed his notice of appeal.

The two co-defendants were respectively sentenced to terms of not less than 12 nor more than 18 months, and not less than 12 nor more than 13 months upon second degree arson. Neither of the co-defendants has appealed. There were certain disclosures made in the presentence hearing

which seemed to have a bearing upon the sentences imposed.

Appellant argued there was not sufficient evidence for the finding of guilty and, further, the trial court abused its discretion in failing to grant a new trial.

Upon oral argument the State was asked what evidence there was against the appellant. This evidence—with which appellant does not seriously disagree—is as follows:

1. Appellant was with the two co-defendants and present at the filling station when one of the co-defendants purchased gasoline which was placed in a can.

2. Appellant stated to police that the gasoline so purchased was used in an attempt to start his car, while the evidence clearly showed this was not the case.

3. Appellant denied to police that he was near or in the area of the burned buildings the morning of the fires when, in fact, he with several other people, was in an automobile that was driven past the buildings on two separate occasions about an hour before the fires were set.

The State's case was based solely upon the false and misleading statements made to police by the appellant, and by his presence at a filling station when one of the co-defendants purchased a small amount of gasoline which was placed in a can. While all the evidence against the appellant is circumstantial this is not unusual because the very nature of the crime of arson ordinarily dictates that the evidence will be circumstantial.

While we believe the circumstantial evidence against the appellant was sufficient to sustain the finding of guilty, the unusual events after the trial cause us to give consideration to appellant's motion for a new trial. At the sentence hearing the trial court considered statements made by defendants to the State Probation Officer as part of the presentence investigation. The presentence report contained admissions by the other defendants that they were in fact guilty, but the appellant was not involved in the matter. The trial court asked appellant's attorney if he had any comments on the report on behalf of the three defendants as provided by Rule 33(c)(2), W.R.Cr.P. The attorney stated appellant's " * * * biggest sin here was probably trying to help his friends and [he] got involved in this way." The court replied that this would make the appellant an accessory and equally guilty.

Also, at the sentence hearing one of the co-defendants told the court the appellant was not involved in the arson. Appellant said he had nothing to do with the fires, but admitted he had lied about activities of the other defendants. The trial court stated it would assume this was true because there was no proof to the contrary. The prosecuting attorney said if he assumed what had been said was true the appellant would be guilty as an accessory. It may be the appellant was an accessory, but he was not charged as such. We therefore think it was erroneous for the trial court to consider such possible violations in deliberating the motion for new trial.

Under all the circumstances in this case we think it was error for the trial court to have denied the appellant's motion for new trial, and the cause must be remanded with instructions to grant a new trial to this sole appellant.

Some comment needs be made about the inherent danger of counsel representing multiple defendants, particularly when they are not tried separately. As is obvious in this case, the two co-defendants could not have given favorable information about the appellant without incriminating themselves. The appellant likewise could not change the story given to the police shortly after the arson without destroying a material portion of the defense of the other defendants, and also disclosing that statements given by the other defendants to the police as to his actions were false. It may be that the same result would have obtained had each defendant been represented by separate counsel; however, it appears clear that in this case it would have been almost impossible for counsel representing all

three defendants to have determined the truth of the matter. Had counsel before or during trial determined or even suspected what was later disclosed he would have been obligated to advise the court of a possible conflict and request permission to withdraw as counsel.

Reversed and remanded with instructions.

GRAY, J., was a member of this Court when this matter was heard, but he did not participate in the hearing or opinion.

PARKER, Justice (dissenting).

I would affirm the judgment of the trial court.

Even if we should assume that the motion for new trial was properly before the district court, which I do not concede, there is no valid basis for finding that the court abused its discretion in refusing a new trial.

As we observed in Opie v. State, Wyo., 422 P.2d 84, "it is within the sound discretion of the trial court to grant or refuse a motion for new trial based on the discovery of new evidence; and that the action of such court cannot be challenged except for an abuse of discretion." We also there recognized that it is incumbent on a party who asks for a new trial on the grounds of newly discovered evidence to satisfy the court, inter alia, that it is so material that it would probably produce a different verdict.

In the instant situation at the time of the sentencing when the probation officer's report was being discussed, the prosecuting attorney indicated, without any disagreement on the part of the defendant, that defendant "apparently knew about it when they were buying the gas and so on, but he didn't take an active part in it." Counsel for the defendants stated that the defendants had *all* indicated to him that they did not wish to contest "this thing or appeal it or go any further with it," and that apparently the defendant's "biggest sin here was probably trying to help his friends and got

involved in this way * * * [an accessory] Before the fact."

Section 6–14, W.S.1957, provides:

"Every person who shall aid or abet in the commission of any felony * * * shall be deemed an accessory before the fact, and may be indicted, informed against, tried and convicted in the same manner as if he were a principal, and either before or after the principal offender is convicted or indicted or informed against; and upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

Under this statute, I fail to see any abuse of discretion on the part of the trial judge.

The prevailing opinion says that "Appellant did not participate in the purchase of the gasoline although he was with the other defendants at the time. He had gone into the station and purchased some nuts," but this statement overlooks the testimony of the attendant at the station where the gasoline was purchased that the *defendants* were "just standing there talking" while he was putting the gas in the can. Defendant Torres, who subsequently admitted to perjuring himself at the trial—and was given the longer sentence—indicated during his testimony that he . "thought" defendant bought some peanuts but was "not sure."

According to the prevailing opinion:

" * * * The appellant said he had nothing to do with the fires, but admitted he had lied about activities of the other defendants. The trial court stated it would assume this was true because there was no proof to the contrary."

This is not my understanding of the record, which reflects the following:

"THE COURT: Then we have the added problem apparently someone, or possibly someone had their brother, this is Anthony is it not, had his brother come in and tell his story.

"MR. SCOTT: Stanley's brother.

"THE COURT: Stanley's brother Which may or may not be true. I don't know whether it is true or not.

"MR. SCOTT: I· understand it is true that he drove this car.

"THE COURT: May be true, but he was given an opportunity by the County Attorney to take a lie detector test to see whether it was true and decided he didn't want to.

\*　　\*　　\*　　\*　　\*　　\*

"MR. S. VIALPANDO: \* \* \* only thing I got to say is I had nothing to do with the fires. I made one mistake. I lied for them. That was my big mistake. As far as the charge me trying to get my brother to perjure himself to help us out that isn't true. I never even suggested him coming to court. He went on his own and told Mr. Scott about it. I never ever would suggest it to him.

"THE COURT: I will assume that is true because there is no proof· to the contrary. There is a question in my mind particularly when Mr. Torres obviously perjured himself in this court. When Mr. Rees asked Mr. Scott if he would be willing to take a lie detector test he told Mr. Scott he would definitely be willing to take a lie detector test and then—

"MR. S. VIALPANDO: As far as perjuring himself I never once ever told him.

"THE COURT: Perhaps he didn't. I am going to assume that he did not."

From this colloquy it is obvious to me that the trial court merely indicated that he did not believe defendant had procured the perjured testimony of his brother, if indeed the testimony was perjured.

The prevailing opinion correctly says that the circumstantial evidence against the appellant was sufficient to sustain the finding of guilty, and as I have pointed out, there is no valid reason for the granting of a new trial.