**Ned JEFFERS and Louise Jeffers, Appellants (Plaintiffs below),**

v.

**Darrel OFFE and A. P. Offe, dba Offe and Son, Appellees (Defendants below).**

**No. 5071.**

Supreme Court of Wyoming.

Aug. 8, 1979.

W. H. Vines and Raymond B. Hunkins, of Jones, Jones, Vines & Hunkins, Wheatland, for appellants.

Frank D. Neville, of Williams, Porter, Day & Neville, P. C., Casper, for appellees.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

At the request of plaintiffs-appellants, Jeffers, the defendant-appellee, Darrel Offe, came to the Jeffers' house at 8:00 a. m. one day to excavate foundation footings with a backhoe. He hooked a pipeline, and his inspection led him to the belief that it was a water line. The Jeffers were not at home at the time so Offe looked through the basement window to inspect for water damage. He could see no leaking and could not see water in the basement and he made no further inspection. There was an explosion at 9:30 a. m., and, it turns out, of course, that Offe had hooked and ruptured a gas line. The jury returned a verdict for the defendants.

■ The only issue here is whether or not instructions on negligence were given which fairly informed the jury of the defendant's duty to use such care as is imposed by law. We think the instructions were adequate.

What did the court say to the jury in this regard?

First, the court said that negligence is the lack of ordinary care;

Second, that negligence is the failure of a person to do something a reasonable, careful person would do, or it is the act of a person in doing something a reasonable, careful person would not do, under the circumstances then existing;

Third, the court informed the jury that it must decide how a reasonable person would act under the circumstances in which the defendant found himself at the time and place in question; and

Fourth, Instruction No. 11, which *was offered by the plaintiffs* and given by the court, may be read to relate the same legal propositions as two other instructions offered by plaintiffs[1] and refused by the court. Instruction No. 11 says to the jury

---

1. The refused instructions are:

    "INSTRUCTION NO.____
    "It was not a necessary element of negligence that one charged therewith should

have been able to anticipate the precise injury sustained. To render one liable for negligence, it is sufficient that he should have foreseen that the negligence would probably

that if defendant Offe acted in a way which at the time indicated to him that no risk was involved to others, but which he later realized, *or should have realized,* was risky—then he was dutybound to use reasonable care to prevent injury, and failure to so act is negligence.

 That instruction says in plain language that if the defendant, as a reasonable man, *should have realized* (foreseen) there was a risk of harm to the plaintiffs involved with hooking the pipe, then it became his duty to do whatever a reasonable man would have done in order to avoid the negligence and resulting harm.

That is a proper statement of the law of foreseeability and it says everything plaintiffs' aforementioned refused instructions say.

We have held:

". . . [I]t is a well-recognized rule of law that no reversible error is committed by a court's refusal to give an instruction even where it is legally correct and applicable to the issues in the case, where other instructions given embody substantially the same propositions as requested in the refused instruction." *Northwest States Utilities Co. v. Broulette,* 51 Wyo. 132, 65 P.2d 223, 232 (1937). See, also, *Berta v. Ford,* Wyo., 469 P.2d 12 (1970).

Affirmed.

---

result in injury of some kind to some person, and he need not have foreseen the particular consequences or injury that resulted."
"INSTRUCTION NO.——
"The duty of care includes the duty to anticipate danger that is reasonably foreseea- ble. It is no excuse that one who has created a peril did not intend or expect an injury to result therefrom; every person is held to a knowledge of the natural and probable consequences of his acts."